(88 South. 226)

No. 24132.

### NASH v. LONGVILLE LUMBER CO.

(April 4, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Master and servant 300—Respondeat superior doctrine stated.**

The responsibility of an employer for an injury committed by his employee while acting within the scope of his employment under the doctrine respondeat superior extends to injuries inflicted on strangers as well as employees.

2. **Master and servant 351—Action under statute for assault by foreman held not defeated by Employers' Liability Act.**

In an employee's action under Civ. Code, art. 2315, for injuries from an assault by his foreman, a plea founded on plaintiff's failure to allege that notice of his injury was given the employer within six months after the injury and plaintiff's failure to allege that defendant employer refused to pay compensation under the Employers' Liability Act could not avail defendant employer.

3. **Appeal and error 1194(3)—Decision on appeal overruling exception of no cause of action is conclusive on retrial.**

When an exception of no cause or right of action is sustained by the district court, and on appeal the judgment is reversed, the exception overruled, and the case remanded to be proceeded with according to law, the decision of the question whether the petition discloses a cause or right of action is final, and the case should be proceeded with on its merits or some other plea than that of no cause or right of action.

4. **Assault and battery 35—Evidence insufficient to justify employer's claim employee assaulted by foreman was at fault.**

In an employee's action for injuries when assaulted by his foreman with an ax, evidence *held* insufficient to sustain defendant employer's contention that plaintiff was at fault and the foreman justified in assaulting and wounding him under the plea of self-defense.

5. **Damages 132(8)—$4,500 for ax cut in back of hand and wrist not excessive.**

Verdict for $4,500 in favor of a lumber company's employee assaulted by his foreman with an ax and injured severely in the back of the hand and wrist, the injury having necessitated two surgical operations and permanently impaired the employee's earning capacity as a laborer, *held* not excessive.

6. **Damages 96—Trial judge has more discretion than appellate court in increasing recovery.**

In respect of increasing the judgment to award adequate compensation for personal injuries, much more discretion is allowed the trial judge than to the appellate court.

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; Jerry Cline, Judge.

Action by Simm Nash against the Longville Lumber Company. From judgment for plaintiff, defendant appeals, plaintiff praying that the judgment be increased. Judgment affirmed.

See, also, 146 La. 475, 83 South. 771.

Pujo, Liskow & Martin, of Lake Charles, for appellant.

Kay & Plauche, of De Ridder, and Sanders, Brian & Sanders, of New Orleans, for appellee.

O'NIELL, J. Defendant appeals from a judgment for $4,500 damages for personal injuries. Answering the appeal, plaintiff prays that the judgment be increased to $10,000. His suit was for $25,000.

The injury complained of was inflicted by the willful act of the foreman in charge of a crew of men employed by the defendant company and engaged in loading logs on railroad cars. The work was being done by means of a steam loader, consisting of a hoisting engine, with boom, and blocks and tackle, log tongs, etc. Plaintiff was a member of the crew, his position being technically termed "top loader," whose duty it was to remain on the car that was being loaded, give directions as to which log the tongs should be attached to, and receive and straighten the logs and detach the tongs as the logs were loaded. Although it was not a part of the foreman's duty, ordinarily, to operate the engine that furnished the power for the loading apparatus, he was operating it on the occasion in question, and was operating it in a careless way that endangered plaintiff's life. Plaintiff complained several times that the logs were being swung so swiftly upon the cars that he had great difficulty in dodging them and avoiding being struck by them. When the loading of a car was almost completed, plaintiff signaled to the tong setter to send in a large log, as best suited to fill the space left for the top log. When the log was hauled in, the foreman threw it to the ground and refused to hoist it to the car. Plaintiff again signaled for a large log, but the foreman refused to hoist it and signaled for the tong setter to send in a small log. The tong setter then hooked the tongs to a small log

that was mainly sap and liable to slip from the tongs. The foreman swung the log so swiftly to the top of the car that plaintiff had to jump from the car to escape the danger of being struck by the log. He walked away from the car a distance perhaps of two car lengths, and was putting on his coat, abandoning his work and intending to find employment elsewhere. Thereupon the foreman left the engine, picked up an ax, and, approaching plaintiff, demanded that he return to his position on the car. On plaintiff's refusal to return to work, the foreman struck at plaintiff with the ax. Plaintiff threw up his hands to protect his head, and the ax cut into the back of his hand and wrist, injuring him severely.

Before answering the suit, defendant filed an exception of no cause or right of action, in support of which it was argued that the foreman was not acting within the scope of his employment when he struck and injured plaintiff. The district judge sustained the exception and dismissed the suit. On appeal, the judgment was reversed, the exception of no cause or right of action was overruled, and the case was remanded to the district court to be proceeded with according to the views expressed in the opinion of the Supreme Court. See Nash v. Longville Lumber Co., 146 La. 475, 83 South. 771.

When the case was reinstated on the docket of the district court, defendant again filed an exception of no cause or right of action, averring that the Supreme Court had decided, from the allegations of plaintiff's petition, that the injury alleged was inflicted while he was acting within the course of his employment, and while the foreman was acting within the scope of his employment, under which circumstances the amount of compensation due for the injury was fixed and regulated by the Employers' Liability Act, Act No. 20 of 1914, as amended by Act No. 243 of 1916, and that the allegations of plain-

tiff's petition were not sufficient to set forth a cause or right of action under the Employers' Liability Act.

Plaintiff's attorneys objected to the filing or consideration of this second exception of no cause or right of action on the ground that the Supreme Court had finally decided that the petition did disclose a cause and right of action for damages for tort, under article 2315 of the Civil Code. The exception was argued and overruled. Reserving a bill of exceptions to the ruling, defendant filed an answer, denying liability for the injury, averring that the foreman had struck plaintiff in self-defense and for reasons personal to himself, and not within the scope of the foreman's employment. Defendant pleaded, in the alternative, that, if it should be held that defendant was responsible for the injury, the extent of liability was fixed by the Employers' Liability Act.

[1] Defendant's second plea or exception of no cause or right of action is based upon the idea and averment that this court decided on the former appeal that plaintiff was performing services arising out of and incidental to his employment in the course of his employer's business at the time he was injured. The question whether plaintiff was performing services arising out of and incidental to his employment at the time he was injured was not decided or even presented in the former appeal to this court. The only question before the court was whether, under the allegations of the petition, the foreman was acting within the scope of his employment when he assaulted and injured plaintiff. The ruling was that, according to the allegations of the petition, the foreman was acting within the scope of his employment, in this sense, that he was performing in an imprudent, violent, and unlawful manner a service which he was employed to perform in a prudent, careful, and lawful manner, and that the employer was responsible for the injury inflicted by the foreman in doing unlawfully that which he was employed to do lawfully; that is, to employ laborers and persuade them to remain at their work, or to return to it if they quit. But the ruling that defendant was responsible for the injury under the doctrine respondeat superior had nothing to do with the question whether the party injured was acting within the scope of his employment, or was performing a service arising out of or incidental to his employment, at the time he was injured. The responsibility of an employer for an injury committed by his employee while acting within the scope of his employment, under the doctrine respondeat superior, extends to injuries inflicted upon strangers as well as employees.

[2, 3] This second plea or exception of no cause or right of action which we are now considering merely challenges plaintiff's right to maintain his suit under the Employers' Liability Act. The plea is founded upon plaintiff's failure to allege that notice of his injury was given to the employer within six months after the date of the injury, and his failure to allege that defendant refused to pay compensation, under the Employers' Liability Act. The answer to the plea is that the suit is not founded upon the Employers' Liability Act. It is founded upon article 2315 of the Civil Code, fixing responsibility for tort, or for an injury resulting from a fault, an offense or a quasi offense. Of course, if this court had decided that plaintiff's right of action was under the Employers' Liability Act, he would have no right of action under article 2315 of the Civil Code, because section 34 of the Employers' Liability Act declares that the rights and remedies therein granted to an employee for a personal injury, for which he is entitled to compensation under the act, shall be exclusive of all other rights and remedies of such injured employee. It may be conceded that

the assault and injury committed by the foreman, although willful on his part, was an accident, as defined in the Employers' Liability Act, especially as far as the defendant corporation is concerned; for the word "accident," as used in the statute, is defined in section 38 as "an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury." But, to bring the case within the provisions of the Employers' Liability Act, it would have to be decided also that at the time plaintiff was injured he was "performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation." On the contrary, it was finally decided by this court that the allegations of plaintiff's petition disclosed a cause and right of action under article 2315 of the Civil Code. In effect, therefore, it was decided that plaintiff was not deprived, by statute or otherwise, of his right of action for damages under article 2315 of the Civil Code. When an exception of no cause or right of action is sustained by the district court, and on appeal the judgment is reversed, the exception overruled, and the case remanded to be proceeded with according to law, the decision of the question whether the petition discloses a cause or right of action is final, and the case should be proceeded with upon its merits or upon some other plea than that of no cause or right of action. See Commercial National Bank v. Sanders, 136 La. 226, 66 South. 854.

[4] On the merits of the case, the only questions presented are questions of fact, depending largely upon the veracity of the witnesses. Defendant's contention that plaintiff was at fault and that the foreman was justified in assaulting and wounding him, under the plea of self-defense, is not supported by the evidence. On the contrary, there is a preponderance of evidence that there was no justification or excuse for the cruelty on the part of the foreman.

[5, 6] The only remaining question is whether the amount of the judgment is sufficient. It is certainly not excessive. The injury necessitated two surgical operations and has permanently impaired plaintiff's earning capacity as an ordinary laborer. The evidence indicates to some extent that the amount of the judgment might not be adequate compensation. But we are not disposed to amend the judgment in that respect, because the district judge was in a better position than we are to judge of the extent of the injury, and because, in such cases, more discretion is allowed to the judge of jury than to the appellate court.

The judgment appealed from is affirmed at appellant's cost.