ANNA PAIEWONSKY, RESPONDENT, v. ALEXANDER JOFFE, APPELLANT.

Submitted March 27, 1925—Decided May 18, 1925.

1. A master is ordinarily liable to answer in a civil suit for the tortious act of his servant, if the act be done in the course of his employment in his master's service. Whether so done or not. must depend upon the facts of each particular case.

2. The owner or operator of an automobile owes the duty to an invited guest to exercise reasonable care in its operation, and not unreasonably to expose him to danger and injury by increasing the hazard of travel.

3. If the master's servant, employed by him to drive his automobile, invites the plaintiff to ride in the car. and if in inviting the plaintiff to ride the defendant's driver acted, either expressly or by implication. within the line of his duty under his employment. then the master will be liable to the plaintiff for any injury resulting proximately from the servant's negligence.

4. Where the evidence permitted of the inference that the defendant (a merchant), for business reasons, adopted the practice of having the driver of his delivery automobile take customers and their companions to the customer's home, with packages purchased, it was open to the jury to find that the driver was authorized by the defendant to invite the plaintiff, a companion of a customer, to ride to the customer's home with the packages purchased, and, hence. to find that the defendant was liable for an injury to the plaintiff resulting proximately from want of reasonable care in driving the car.

On appeal from the Supreme Court.

For the appellant, *Edwin F. Smith* and *Raymond Dawson* (*Edwards & Smith,* on the brief).

For the respondent, *Thomas P. Fay.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff below, Anna Paiewonsky, was injured while riding in an automobile owned by the defendant and driven by his chauffeur.   She brought this action to recover damages for such injuries, which, in her

complaint, she averred were sustained while she was lawfully in the defendant's automobile, by his invitation, and were caused by the negligent driving of the defendant's chauffeur. She recovered a verdict, and the defendant appealed from the consequent judgment.

At the trial, before Judge Jess and a jury, the evidence tended to show the following matters of fact, among others: During the summer of 1923 the plaintiff was visiting her friend, Mrs. Manne, in the city of Long Branch. On the 14th day of August she accompanied Mrs. Manne to the butcher shop of Alexander Joffe, the defendant, in that city, for the purpose of purchasing supplies. Not desiring to go farther with Mrs. Manne in her shopping trip, Mrs. Paiewonsky accepted the invitation given her by Mr. Joffe's chauffeur, to ride with him in the defendant's delivery automobile to Mrs. Manne's home. Mrs. Joffe, a helper in the shop, handed her some of the packages purchased, the chauffeur took the others, and she stepped in the automobile, and shortly thereafter was injured through a collision with another car.

There was ample evidence that the collision was caused by the negligent driving of the chauffeur.

The only grounds of appeal argued are the refusal of the trial judge to nonsuit the plaintiff, and to direct a verdict for the defendant, the contention being that the plaintiff occupied the car as a mere licensee, to whom the driver owed only the duty of refraining from wanton and willful injury, and that, even if riding by the driver's invitation, the defendant was not responsible because such invitation was not given in the course of his employment in the defendant's service.

We are of the opinion that such contention, in view of the state of the evidence, was not for the court to decide as a matter of law, but was for the determination of the jury under proper instructions, which were given.

Of course, a master is ordinarily liable to answer in a civil suit for the tortious act of his servant, if the act be done in the course of his employment in his master's service.

Whether so done or not must depend upon the facts of each particular case. *Doran* v. *Thomsen,* 74 *N. J. L.* 445; *Michael* v. *Southern Lumber Co., ante p.* 1.

The rule is that the owner or operator of an automobile owes the duty to an invited guest to exercise reasonable care in its operation, and not unreasonably to expose him to danger and injury by increasing the hazard of travel. *Mackenzie* v. *Oakley,* 94 *N. J. L.* 66.

No doubt where an individual *sui juris* procures at his own request the privilege of riding in a conveyance, he occupies the status of a mere licensee or volunteer, to whom the driver or owner owes only the duty of refraining from acts wantonly or willfully injurious, and the licensee thereby assumes the ordinary risks of damage from dangers and accidents incident to travel in the operation of the conveyance. *Karas* v. *Burns Brothers,* 94 *N. J. L.* 59; *Lutvin* v. *Dopkus,* 94 *Id.* 64. But the evidence tends to show that such was not this case.

The theory on which the plaintiff sought to hold the defendant was that the plaintiff was a guest in the defendant's car at the invitation of the defendant's servant, and that in extending this invitation the servant was acting within the scope of his employment.

It is not disputed that the relation of master and servant existed generally between the defendant and the driver of the delivery automobile owned by the defendant and used in his business, in which plaintiff was riding when injured, and there was ample evidence that the driver expressly invited the plaintiff to enter and ride in the car.

Now, as we have seen, in a civil suit such as this, the master is responsible for any wrong done by the servant with the master's authority, either express or implied, for the purpose of executing the master's orders and doing the master's work.

Of course, the liability of the master ceases whenever his servant or agent pursues any line of conduct outside the scope of his employment, and not prompted by any benefit or accommodation to the master or the master's interests.

*Karas* v. *Burns Brothers, supra; Depue* v. *Salmon Co.*, 92 *N. J. L.* 550. But if the master's servant, employed by him to drive his automobile, invites the plaintiff to ride in the car, and if in inviting the plaintiff to ride, the defendant's driver acted, either expressly or by implication, within the line of his duty under his employment, then the master will be liable to the plaintiff for any injury resulting proximately from the servant's negligence. *Depue* v. *Salmon Co., supra.*

In the instant case the evidence tended to show that in extending the invitation to the plaintiff the driver acted within the scope of his employment. It tended to show that for business reasons the defendant very often had his driver take his customers home, with their packages, and sometimes took them himself. The defendant, however, contends that the plaintiff, although well known to the defendant, was not his customer, but merely a guest and companion of a customer. But the proof in this case as to this practice was not limited to customers. It also tended to show that upon several prior occasions the defendant directed this same driver to carry his customers' guests and companions, with their packages, to his customers' homes, in the very delivery automobile in question, and this business practice was known to the plaintiff, whose own son, on one occasion, was driven to the home of Mrs. Manne, whose guest he was. Not only that, but on the occasion in question, the plaintiff, upon being invited to ride, was given some of the packages purchased by Mrs. Manne to carry with her in the car. Notwithstanding the denial of the defendant, we think that it was permissible for the jury, if they saw fit, to find from the evidence that the defendant regarded it as helpful in building up his business with the summer trade to occasionally carry his customers and their companions home with their merchandise, and that he had made known such wishes and purpose to his driver. It, therefore, was certainly open to the jury to find that it was well known to the defendant that his servant was in the habit of inviting guests and companions of defendant's customers to ride with him, and that the defendant assented to it, and, hence, to further find that the driver was

authorized by the defendant to invite the plaintiff to ride upon the occasion in question. *Ferris* v. *McArdle,* 92 *N. J. L.* 580. If such inferences were drawn, as no doubt they were, the plaintiff was in the same position as if the defendant had personally invited her to accompany the driver, and, as we have seen, one who invites another to ride with him as a guest is under the duty of reasonable care towards his guest.

The defendant relies mainly upon *Fleckenstein* v. *Great Atlantic and Pacific Tea Co.,* 91 *N. J. L.* 145, holding that, while merchants invite the public to enter their stores to buy wares, those who accompany them, without any intention of purchasing, are not invitees but mere licensees. But that case is not in point. Here the question is not whether the plaintiff became an invitee in the store merely by accompanying her friend the customer, but whether the driver, in expressly inviting the plaintiff to ride, acted within the scope of his employment in his master's business—and we think it was open to the jury to find that he did.

It follows from what we have said that the motions to nonsuit and to direct a verdict were properly denied.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, JJ. 14.

*For reversal*—GARDNER, CLARK, JJ. 2.