SONTHEIMER v. LITTLEJOHN

——

(October 19, 1931. Opinion and Decree.)

——

Herbert S. Weil and Gordon Boswell, of New Orleans, attorneys for plaintiff and appellant, and defendant, appellee, in reconvention.

John May, of New Orleans, attorney for defendant and appellee and plaintiff, appellant, in reconvention.

WESTERFIELD, J. Plaintiff, Sontheimer, brings this suit for $110, the damage alleged to have been sustained by his automobile as the result of a collision with the automobile of the defendant, Miss Cynthia P. Littlejohn. Miss Littlejohn reconvenes and claims $104 as damage to her automobile.

The trial court, believing the drivers of both vehicles at fault, dismissed both the main and the reconventional demands. Both parties have appealed.

Miss Littlejohn, at the time of the accident, was driving her car in Dufossat street across St. Charles avenue and towards Lake Pontchartrain. She had crossed the riverside driveway of St. Charles avenue, and upon reaching the neutral ground of that thoroughfare, looked in the direction of approaching traffic, and, according to her statement, saw the plaintiff, Sontheimer, one block or 300 feet away. Believing that she could cross in safety, she proceeded into the lakeside driveway, where, after having gone some 15 feet, she was struck in the side by plaintiff's automobile with such force as to turn her car completely around, cause it to mount the curbing of the sidewalk on Dufossat street, and to come to rest some 75 feet distant from the intersection on the lawn of a private residence situated on that corner.

Miss Littlejohn failed to blow her horn before entering the roadway, and in consequence is charged with a violation of article 1, section 7, subsection (d), of the traffic ordinance, to the effect that vehicles crossing neutral grounds with street car lines shall have the right of way to complete the crossing, "provided they shall come to a full stop when about to leave the neutral ground and enter the roadway, shall signal with their horns and give an opportunity for approaching vehicles in the roadway to come to a stop."

Miss Littlejohn, who stated that she was familiar with the traffic ordinance in this respect, explains her failure to sound her horn upon the ground that plaintiff was so far away that there was no necessity to signal, as she had every reason to believe that she could cross in safety. She charges Sontheimer with responsibility for the accident because she says he was driving very fast.

It appears to us that Miss Littlejohn is mistaken, for it is extremely improbable that Sontheimer would or could have driven 300 feet while she was going only 15 feet into the roadway, and it is our opinion that at the time the Littlejohn car started from the neutral ground that Sontheimer was much nearer the intersection. In any event, Miss Littlejohn saw the

Sontheimer car, and, even though it were a block away, she should have kept it under observation and should not have entered the roadway without signalling with her horn and giving Sontheimer an opportunity to bring his car to a stop. The faster the Sontheimer car was going the more necessity there was for caution. Stout v. Lewis, 11 La. App. 503, 123 So. 346; Gaspard v. Malochee, 16 La. App. 527, 133 So. 409, 411; Bacon v. New Orleans Public Service, ___ La. App. ___, 137 So. 213, this day decided.

Turning now to a consideration of the manner in which the Sontheimer car was operated, we find that he also was guilty of negligence which was a contributing cause of the accident because of his excessive speed. His statement to the effect that he was driving only 20 miles per hour is unconvincing, in view of the violence of the impact. Denham et al. v. Taylor et al., 15 La. App. 545, 131 So. 614.

The authorities relied on by counsel for Sontheimer, Norwich Union v. Cohen, 1 La. App. 512; Belden v. Roberts, 3 La. App. 338; Trowbridge v. Rackle, 3 La. App. 369, are not in point. See Gaspard v. Malochee, supra.

Our conclusion is that the accident was due to the joint and concurrent negligence of both parties, and that consequently the judgment appealed from is correct.

For the reasons assigned, the judgment appealed from is affirmed.