(No. 5943. July 6, 1933.)

IDA B. WILLI, IDA BROWN, ANNA LEAF and PHILIP WILLI, by His Guardian Ad Litem, IDA B. WILLI, Respondents, v. SCHAEFER HITCHCOCK COMPANY, a Corporation, Appellant.

[25 Pac. (2d) 167.]

E. W. Wheelan, and Post, Russell, Davis & Paine, for Appellant.

Allen P. Asher, and Danson, Lowe & Danson, for Respondents.

GIVENS, J.—February 11, 1930, M. L. Bruce was the president and general manager of the M. L. Bruce Company, predecessor corporation of the appellant, which owned a Cord automobile. That afternoon Mr. Bruce, in company with Philip Willi, for whose death the present action was instituted by respondents, respectively, his daughters, son and widow, drove in the Cord automobile south from Sand-

point to a cottage owned by Mr. Bruce. On the return trip, passing over a wooden bridge, some 10,000 feet long over an arm of Pend Oreille Lake, the car swerved from the roadway, crashed through the guard-rails, and fell to the ice some 20 feet below, killing both Mr. Bruce and Mr. Willi.

Appellant's assignments of error 5, 8, 10, 11 (subdivision 2), d, e, f, g and h, all revolve around the contention that at the time of the accident the automobile was not being used on company business.

Instruction No. 2 complained of was as follows:

"The jury are instructed that the burden of proof is upon the plaintiffs to establish by a preponderance of the evidence all of the material allegations of the complaint and that this burden continues throughout the trial. In this action the defendant admits that it was the owner of the automobile described in the complaint and that M. L. Bruce was driving the same, and that Philip Willi was riding therein as a gratuitous passenger. The burden is upon the plaintiffs to establish by a preponderance of the evidence that the automobile was at the time of the death of said Philip Willi being operated for and on behalf of the defendant corporation and on its business. If you find by a preponderance of the evidence that at the time of the death of Philip Willi that M. L. Bruce was the president and chief executive officer of the defendant corporation, then you have a right to infer that said M. L. Bruce was operating the said automobile for and on behalf of said corporation and in connection with its business.

"The jury are further instructed that an inference is a deduction which the reason of a jury may make from the facts proved." ·

It is conceded that the automobile belonged to appellant, and that the accident occurred during ordinary business hours. Two of appellant's employees testified in effect that Mr. Bruce was the president and general manager of appellant, with full right and authority to use the Cord automobile as he saw fit, but that ordinarily he used it only for company business. Opposed to the latter is evidence to the

effect that on the particular day in question, gas for the
Cord car was charged to Mr. Bruce's personal account, and
that such was done when he was using the car personally,
as distinguished from company business, and that Mr. Bruce
and Mr. Willi, while at the cottage before the fatal trip
north, were in part at least engaged only in social visitation.
The testimony with regard to their activities at the cottage
is not exclusive, in that the witness testifying relative
thereto, did not attempt to say that he overheard all they
said to each other, or over the telephone to other parties.

■ If the evidence on the part of the plaintiff is suffi-
cient to justify the jury in finding in favor of respondents,
the counter-testimony offered by appellant would merely
create a conflict to be resolved by the jury. (*Magee v. Har-
grove Motor Co.*, 50 Ida. 442, 296 Pac. 774.)

■ Two exhaustive notes containing many citations, in
42 A. L. R. 898 and 74 A. L. R. 951, cover this precise ques-
tion. We have carefully examined the cases in both notes,
together with all the authorities cited by appellant and
respondents, and the rule announced in *Hathaway v.
Mathews*, 85 Cal. App. 31, 258 Pac. 712, and stated in the
annotation, to this effect:

"The fact of ownership alone, regardless of the presence
or absence of the owner in the car at the time of the acci-
dent, establishes a *prima facie* case against the owner, for
the reason that the presumption arises that the driver is the
agent of the owner.",

is amply supported by authority, and appears to be the
majority, and generally accepted rule.

■ The above presumption being rebuttable, the cor-
rect rule with regard to the consideration of whether such
presumption has been met or overcome is well stated in
*International Co. v. Clark*, 147 Md. 34, 127 Atl. 647, cited
with approval in *Magee v. Hargrove Motor Company, supra*,
as follows:

"It is equally well settled that, where the evidence offered
to establish facts which would rebut this presumption is
contradictory, the question is one for the jury; but, where

the facts so offered are undisputed and uncontradicted, it becomes properly a question for the court. It might be added that, where the facts are such as to leave the court in doubt as to this question, the proper course is to submit the case to the jury; it being their function to pass upon the weight of the evidence.''

■■ Appellant's assignment of error No. 6 challenges instruction No. 5[1] on the ground that it authorized a finding in favor of respondents on less than gross negligence. It will be noted that this instruction closely follows sec. 48–504, I. C. A. The court in instruction No. 4 advised the jury that they could find in favor of the respondent only if gross, not mere ordinary, negligence were shown. The accident happened before chap. 135, Sess. Laws 1931, p. 232, became effective. (*McCoy v. Krengel*, 52 Ida. 626, 17 Pac. (2d) 547.) Therefore it was not incumbent upon respondents to prove gross negligence, but considering that the case was tried upon the theory that gross negligence applied, instruction No. 5 was not erroneous in the particular complained of by appellants because of instructions Nos. 4 and 6.

No. 6: ''You are instructed that as it is conceded the deceased, Philip Willi, was riding in the automobile of the defendant as a gratuitous passenger, then the defendant is liable if the accident resulting in the death of Philip Willi shall have been caused by the intentional act on the part of the operator or by the gross negligence of the operator or his reckless disregard of the rights of others; and if you find from a preponderance of the evidence that any one of these things was the proximate cause of the death of Philip

---

[1] "You are instructed that it is the law that any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable or proper, having due regard to the traffic, surface and width of the highway, and any other conditions then existing, and no person shall drive any vehicle upon a highway at such a speed as to endanger life, limb, or property of any person; that subject to this provision it is *prima facie* unlawful that the driver of a vehicle drive the same at a speed to exceed thirty-five miles per hour."

Willi, then your verdict should be for the plaintiff, if you find for the plaintiff upon the other issues."

Instruction No. 6 enumerated the three prerequisites in the 1931 statute, adding "if you find for the plaintiff upon the other issues," and the court instructed the jury in No. 11 that all of the instructions were to be taken together. Whether a violation of a statute would constitute gross negligence or ordinary negligence, would, of course, depend upon the circumstances, thus raising a jury issue (*Kastel v. Stieber*, (Cal. App.) 297 Pac. 932, 215 Cal. 37, 8 Pac. (2d) 474), and whether we consider the Wisconsin, Washington or California definitions of gross negligence (*Kastel v. Stieber*, *supra*), the jury was justified in concluding that appellant was guilty of gross negligence. (See, also, *Naudzius v. Lahr*, 253 Mich. 216, 234 N. W. 581, 74 A. L. R. 1198.)

█ Appellant complains of instruction No. 6, quoted, on the ground that it states that deceased was a gratuitous passenger. The complaint alleged, paragraph 4, as follows:

"That on to-wit the 11th day of February, 1930, the defendant corporation was the owner of a certain Cord automobile, Motor No. 1230, Serial No. 2926371, and that at about the hour of five o'clock P. M., said automobile was being then and there operated for and on behalf of said corporation by its president and General Manager, M. L. Bruce and Philip Willi was riding therein as a gratuitous passenger."

The answer to paragraph 4 admitted as follows:

"In answer to paragraph 4 defendant admits that on the 11th day of February, 1931, the defendant was the owner of a certain Cord automobile, Motor No. 1230, Serial No. 2926371; admits that at about the hour of five o'clock P. M. on said date said car was being driven by M. L. Bruce and that Philip Willi was riding therein as a gratuitous passenger, and denies each and every other allegation, matter and thing contained in said paragraph 4."

No demurrer was interposed to the complaint; thus the answer admitted that the deceased was a gratuitous pas-

senger, denying only that he sustained such relationship to appellant.

Number 6 clearly followed the statute of 1931 with regard to the liability of a host to a gratuitous guest, and was, under the theory of the trial, correct, and instruction No. 2 clearly stated the law with regard to appellant's contention and defense that the trip was not upon corporation business; thus instruction No. 6 did not state to the jury more than appellant had admitted by its answer, and No. 6 and No. 2, together, clearly stated to the jury the issue of corporate liability.

Instruction No. 8: "You are instructed that if you should find for the plaintiffs you should assess their damages at such amount as under the circumstances of the case may be just to reimburse them for the pecuniary loss sustained by them, taking into consideration the companionship, degree of intimacy, and likelihood of support which you find from a preponderance of the evidence plaintiffs would have probably received from the deceased had he lived, but in no event should your verdict exceed $50,000.'',
gave the correct rule with regard to determining damages, as against appellant's only complaint thereof that no corporate liability was proved.

Contrary to appellant's contention contained in assignments Nos. 2 and 4, the two daughters, though of age and married, were properly joined as plaintiffs, and entitled to thus participate in any recovery. (*Kelly v. Lemhi Irr. etc. Co.*, 30 Ida. 778, 168 Pac. 1076; *Wyland v. Twin Falls Canal Co.*, 48 Ida. 789, 285 Pac. 676.)

Appellant in its answer, after denying the charge of negligence based on excessive speed, specified in paragraph 6, set up by way of contributory negligence, acquiescence therein; i. e., speed, by Willi. The burden of proof thereof was on appellant, and since no evidence was offered in support of this affirmative defense, it thereby falls. (*Kelly v. Troy Laundry Co.*, 46 Ida. 214, 267 Pac. 222.)

Under our statute, speed, dependent upon the circumstances surrounding the accident, may be *prima facie*

negligence. The accident began on a long wooden bridge, some twenty-odd feet above a frozen lake; the bridge made of planks laid lengthwise, which were old and worn, causing marked unevenness of the floor. Appellant's car going north turned to the right to pass a Ford car going south. After it came back from thus being diverted from its straight course, instead of straightening out, it kept to the left, crashed through the railing, cleared some telephone wires eight or nine feet out from the edge of the bridge, fell on the ice some twenty-odd feet west of the bridge, and skidded or rolled some eighty or a hundred feet. A picture of the car taken after the accident shows the top was mashed down, and the superstructure of the car crushed. (Plaintiffs' Exhibit "C".)

Appellant's only counter-showing to the contention that excessive speed caused this car to leave the bridge was that after the accident one of the front tires was flat. While appellant cites some cases that, under specific circumstances, speed was not negligence, this court, as well as many others, has held it to be a question for the jury whether speed exceeding the statutory limitation or otherwise is negligence or the proximate cause of the accident or injury. (*York v. Alho*, 52 Ida. 528, 16 Pac. (2d) 980; *West v. Jaloff*, 113 Or. 184, 232 Pac. 642, 36 A. L. R. 1391; *Gretton v. Duncan*, 238 Ky. 554, 38 S. W. (2d) 448; 1 Blashfield, Cyc. of Automobile Law, sec. 7, p. 332; 2 Blashfield, Cyc. of Automobile Law, sec. 6, p. 1763; 42 C. J., sec. 1056, pp. 1244, 1245.)

The damages ($20,000) are not so great as to lead to the conclusion that, under the evidence of Willi's earnings, they were given under passion or prejudice, and we cannot say that the jury were not justified in so awarding them. (*Butler v. Townsend*, 50 Ida. 542, 298 Pac. 375.)

Judgment affirmed. Respondents' brief not complying with Rule 40, no costs allowed.

Budge, C. J., and Morgan, Holden and Wernette, JJ., concur.

ON PETITION FOR REHEARING.

(September 29, 1933.)

Appellant's petition for a rehearing urges that before respondents may recover it must be proved that Mr. Willi's presence in the automobile (conceding though not admitting that the trip, so far as Mr. Bruce was concerned, was on company business) was connected with the business of appellant's predecessor company. Respondents were asked to reply to such contention, but no authorities have been cited on the point by either side.

From the following authorities, the rule is that it is a question of the agent's right or authority to invite a guest to ride, not the nature of the activity of, or the business or reason for, the guest being in the car, other than that he was such authorized invitee, which determines the master's or employer's liability. As indicated in the opinion *supra*, there was evidence to justify the conclusion that Mr. Bruce had authority to invite a guest to ride with him and that the trip was on company business, therefore the company would be liable to the guest whether the guest was on company business or not. (*Philadelphia & Reading R. Co. v. Derby*, 14 How. (U. S.) 468, 14 L. ed. 502; *Paiewonsky v. Joffe*, 101 N. J. L. 521, 129 Atl. 142, 40 A. L. R. 1335; *Tyler Co. v. Kirby's Admr.*, 219 Ky. 389, 293 S. W. 155; *Stout v. Lewis*, 11 La. App. 503, 123 So. 346; *Fedden v. Brooklyn Eastern Dist. Terminal*, 204 App. Div. 741, 199 N. Y. Supp. 9; *Louisville & N. R. Co. v. Marlin*, 135 Tenn. 435, 186 S. W. 595, L. R. A. 1917A, 417; *Nash v. Longville Lumber Co.*, 148 La. 943, 88 So. 226; 7-8 Huddy, Cyc. of Automobile Law, pp. 268, 269, sec. 101.)

Petition for rehearing denied.

Budge, C. J., and Morgan, Holden and Wernette, JJ., concur.