## MEJHEARDT v. REBOUL.
### No. 15042.

Court of Appeal of Louisiana. Orleans.

Jan. 7, 1935.

Eraste Vidrine and James G. Schillin, both of New Orleans, for appellant.

Blasi & Sehrt and Jos. F. Blasi, Jr., all of New Orleans, for appellee.

WESTERFIELD, Judge.

Mrs. Robert Mejheardt, while driving her husband's Essex automobile, collided with a Dodge sedan driven by the defendant, William Reboul, in the intersection of North Broad and Bank streets, on the afternoon of September 21, 1933, at about 2 p. m. In this proceeding Mrs. Mejheardt claims $3,050 as damages for physical injuries which she al-

leges were caused as a result of the accident. The trial court awarded her $500, and defendant has appealed. Mrs. Mejheardt, answering the appeal, asks that the award be increased to the amount demanded in her petition.

There is some conflict in the testimony, but we have no difficulty in finding the facts as follows: Mrs. Mejheardt, driving out Bank street in the direction of Lake Pontchartrain, reached the intersection of Broad street as the semaphore traffic signal at that intersection showed red. She stopped and waited until the light changed from red to amber and from amber to green, when she started across Broad street, which is a wide street (by actual measurement 104 feet 2 inches) with a neutral ground in the center. After she had crossed the neutral ground and reached the lakeside roadway, the light still showing green, she collided with the Dodge sedan of the defendant, who had entered the intersection on a red, or unfavorable light, at a speed of about 25 miles per hour.

Under the facts as we have stated them, it is apparent that the defendant, Reboul, was guilty of negligence in failing to observe the traffic regulations by entering the intersection on an unfavorable light. As a matter of fact, the negligence of the defendant, Reboul, is but feebly contested, the principal contention being that the plaintiff was guilty of contributory negligence which bars her recovery. The basis of the plea of contributory negligence is the failure of the plaintiff to stop her car when it appeared that the defendant had no intention of obeying the traffic signal. Mrs. Mejheardt and her husband, Robert Mejheardt, who was riding with her, both testified that they saw the defendant about half a block down Broad street, approaching the intersection at a rapid rate, and that he made no effort to slacken his speed, or to stop his car. This testimony, it is claimed, is sufficient to convict Mrs. Mejheardt of contributory negligence because she should have had her car under such control as to be able to stop in time to avoid a collision when it appeared that the Reboul car would cross her path, heedless of the unfavorable semaphore signal and in disobedience of the traffic ordinance. Huddy's Encyclop. of Automobile Law, vol. 3–4, page 36; Burthe v. Lee (La. App.) 152 So. 100; Sontheimer v. Littlejohn, 17 La. App. 675, 137 So. 219; Stout v. Lewis, 11 La. App. 503, 123 So. 346; Thomas v. Roberts (La. App.) 144 So. 70.

▮ There are a number of cases in which this court and courts of other jurisdictions have held that, notwithstanding the right of way, the vehicle on the favored street should not proceed on its way without regard for traffic conditions in reliance upon its right of way to absolve it from all responsibility, and that, when a collision with a vehicle approaching an intersection on the less favored street appears imminent, such care must be exercised as is consistent with the danger, regardless of the right of way. For example, the right of way conferred upon a vehicle which first arrives at an intersection will not justify the first arrival in proceeding to cross the intersection when it is reasonably apparent that to do so would involve a collision with another vehicle, and, similarly, where the right of way is accorded a vehicle approaching from the right, it cannot be exercised in disregard of the course of other vehicles approaching from the left, when insistence upon the right of way would result in collision. But, on the other hand, a motorist on a favored street is in a position of some advantage and may assume that other traffic will respect the traffic regulations and not violate the law. This principle seems to us particularly applicable to intersections controlled by semaphore lights, which operate as a visible sign that a crossing, during the prevalence of unfavorable signal lights, is reserved for crosswise traffic. In other words, when the Reboul car neared the intersection of Banks and Broad streets, the prevailing semaphore signal light facing it was red and the light facing Mrs. Mejheardt was green, a warning to the driver of the Reboul car that traffic was likely to cross its path at that intersection, and an assurance to the driver of the Mejheardt car that its path would be clear. It would be an extreme case which would justify a conclusion of negligence on the part of a driver situated as was the driver of the Mejheardt car for failure to avoid colliding with a car driven, as was the Reboul car, against the traffic signal and in derogation of the assurance which it afforded Mrs. Mejheardt. It might be said that, as the Reboul car approached the intersection, there was a time when it must have been apparent to a reasonable person that the driver of that car intended to disregard all traffic regulations, and, if it could be said that Mrs. Mejheardt realized, or should have realized that fact in time to avoid a collision by stopping the car, we would consider her failure to avoid the collision as contributory negligence. Mrs. Mejheardt testified that she thought the Reboul car would stop in obedience to the traffic light, and we believe she was justified in that opinion. It is true that

the Reboul car was observed by her when more than half a square distant from the intersection of Banks street proceeding at a rapid rate, but there is nothing to show that at that distance it could not have been stopped in time to prevent its entering the intersection of Banks street in violation of the traffic ordinance. When it was apparent that Reboul was not going to stop, it was impossible for Mrs. Mejheardt to stop her car, or avoid the accident. Our conclusion is that she should recover.

■ On the question of quantum, Mrs. Mejheardt claims to have suffered a sacroiliac strain as a result of the accident. Her physician, Dr. Gambino, testified to this effect, but, on the other hand, the physician who testified in behalf of defendant, Dr. Geismar, who examined the plaintiff ten days after the accident, said he could find no evidence of a sacroiliac strain. This conflicting medical testimony must have been resolved by the trial court in defendant's favor, for otherwise the amount awarded, $500, would seem small and one more appropriate to a finding of shock, bruises, and contusions, which Mrs. Mejheardt admittedly suffered. We are unable to say that the trial court was manifestly in error, and have, therefore, concluded to approve the amount awarded.

For the reasons assigned the judgment appealed from is affirmed.

**Affirmed.**