## HERR v. THAMES.

### No. 16179.

Court of Appeal of Louisiana. Orleans.

Feb. 10, 1936.

Porteous, Johnson & Humphrey, of New Orleans, for appellant.

McCloskey, Moore, Morrow & Robert, of New Orleans, for appellee.

McCALEB, Judge.

Herbert H. Herr brought this suit to recover damages suffered by his minor daughter, Eloise Herr, sustained as a result of an automobile collision between the car in which she was riding as a guest and the automobile of John Thames, the defendant.

He claimed the sum of $275 for injuries inflicted upon his daughter, in his capacity as administrator of her estate, and for her use and benefit, and the sum of $25, individually, for medication provided to her, for which he is responsible.

The accident occurred at the intersection of Willow street and Palmer avenue in the city of New Orleans on November 20, 1934, shortly before 9 a. m. Plaintiff's daughter and two other young girls were guests in a Ford coupé belonging to one Stouder. The car of Stouder, driven by him, was proceeding on Willow street in the direction of Jefferson avenue.

The car of the defendant was traveling on Palmer avenue in the direction of South Claiborne avenue.

As the cars came into the intersection of Palmer avenue and Willow street they collided, and, as a result thereof, Eloise Herr was injured.

Plaintiff places responsibility for the impact of the two cars at the hands of the defendant, in that he charges fault on defendant's part in the following particulars:

(a) That there is stationed on Palmer avenue, at the intersection of Willow street, an official traffic "Slow" sign, and that, in accordance with the traffic ordinance of the city, defendant was required to retard the speed of his car not to exceed 8 miles per hour in proceeding over the intersection of Willow street; that defendant failed to comply with the mandate prescribed and attempted to cross said intersection at a speed of not less than 20 miles per hour.

(b) That Stouder's car had pre-empted the intersection of Willow street and Palmer avenue before defendant's car entered it; that, accordingly, under the city ordinance, Stouder had acquired the right of way, and that the defendant was negligent in colliding with Stouder under these circumstances.

Defendant denied the negligence charged, claiming a freedom from fault in the premises. He further persisted that the impact of the two cars was occasioned solely through the fault of Stouder, and, alternatively, plead that if the court should find him guilty of any negligence then plaintiff's daughter was chargeable with contributory negligence defeating recovery, in that she, with the other two girls and the driver, clustered together four people in a Ford coupé built for two passengers, thereby creating an unsafe condition for travel, rendering Stouder unable to function properly as a driver both as to the control of the vehicle and the lookout therefrom.

The court below, after hearing the evidence, found for the defendant; wherefore this appeal.

Inasmuch as the determination of this case hinges chiefly on questions of fact, a brief summary of the evidence is apt.

On November 20, 1934, shortly before 9 a. m., Stouder was driving a Ford coupé on Willow street in the direction of Jefferson avenue. Besides Stouder there were three other persons riding in his car, viz., Eloise Herr (plaintiff's daughter) 15 years old, Gloria Gurtner, 14 years old, and Claire Gurtner, 16 years old. It had been raining that morning and the streets were wet. The persons were positioned in the Ford coupé as follows: Stouder in the driver's seat with Claire Gurtner next to him, Gloria Gurtner next to Claire, and Eloise Herr sitting upon Gloria Gurtner's lap.

Upon reaching the intersection of Willow street with Palmer avenue, Stouder, maintaining a speed of between 15 and 20 miles per hour, continued across the intersection.

At or about the same time, the defendant was driving a new Chevrolet sedan on Palmer avenue in the direction of South Claiborne avenue, at a speed of 20 to 25

miles per hour. Palmer avenue is a one-way street, and defendant was driving in the middle thereof. At the corner of the intersection with Willow street there is a traffic "Slow" sign which, under the city ordinance, requires vehicles to retard their speed to 8 miles per hour. Defendant, a medical student, had accompanying him two other students, viz., E. G. Grantham, riding on the front seat with defendant, and Thomas C. Naugle, riding on the back seat.

As both cars arrived in the intersection, the front of defendant's car collided with the right side of Stouder's car. The impact caused Stouder's car to turn around completely, so that, after the accident, it was facing up town in Willow street on the Jefferson avenue side of Palmer avenue. Defendant's car, after the impact, was in the middle of the intersection with its front end pointing slightly to the right.

The evidence as to the fault of the defendant is conflicting. Plaintiff's witnesses claim that defendant was traveling at a fast rate of speed and did not slow down to 8 miles per hour (the requisite speed of the city ordinance) upon entering the intersection. Defendant and his witnesses, on the contrary, contend that he slowed down to 4 or 5 miles per hour upon entering the intersection, and that, when defendant saw that Stouder was paying no attention to him, he (defendant) put on his brakes to the fullest extent, and that the front end of his car slid into the intersection where the front part of the Chevrolet sedan and the right side of the Ford came together.

Plaintiff's witnesses further say that Stouder's car had pre-empted the intersection before defendant's car had reached the same, and that Stouder's car was two-thirds across the said intersection when his right rear wheel was struck by defendant's car. But defendant and his witnesses say that defendant's car had reached and entered the intersection before or at the same time as the Stouder car.

A resort to the physical facts of the case is helpful in solving the question of fault, in view of the conflict of the testimony. These facts show that the front end of defendant's car was approximately in the middle of the intersection after the accident occurred pointing slightly to the right. On the other hand, Stouder's car continued on into Willow street and turned completely around.

These realities corroborate the assertions of defendant and his witnesses that defendant's car entered the intersection at a speed of 4 or 5 miles per hour.

Defendant having entered the intersection at 4 or 5 miles per hour, and Stouder having entered the same at 15 or 20 miles per hour, as reflected by his own testimony, it is obvious that defendant entered the intersection just before or at the same time as Stouder. As a consequence, defendant had the right of way under the city ordinance; having approached the intersection from the right.

The impact resulted in a glancing blow between the front end of defendant's car and the side of Stouder's car. This view is amplified by the testimony of Stouder who admits, under cross-examination, that the entire right side of his car was damaged by the collision.

The burden of proof was upon the plaintiff to show fault on the part of the defendant by a fair preponderance of evidence. This he has failed to do.

Furthermore, the lower court has determined these issues of fact in defendant's favor, and this court will not disturb such findings of fact unless manifestly erroneous.

Finding the defendant free of fault, it is unnecessary to determine his plea of contributory negligence other than to observe that the crowding of four persons into a coupé built for two interfered with the driver's safe operation of the car, impeded the manipulation of the hand and foot devices, and obscured the driver's clear vision of vehicles approaching from the right. It is patent that plaintiff's daughter helped to creat this condition and was rightfully charged with contributory negligence. Lorance v. Smith, 173 La. 883, 138 So. 871. Compare, Stout v. Lewis, et al., 11 La.App. 503, 123 So. 346.

The judgment appealed from is affirmed.

Affirmed.