(No. 6492.   December 2, 1937.)

FRIEDA HOPKINS, Respondent, v. LEO PFEFFER and GEORGE PFEFFER, Appellants.

[74 Pac. (2d) 97.]

Whitla & Knudson, for Appellants.

J. Ward Arney, for Respondent.

BUDGE, J.—Respondent Frieda Hopkins instituted this action against George Pfeffer, the driver of an automobile in which she was riding, and Leo Pfeffer, the father of the driver, for damages by reason of injuries received when the automobile left the road striking a gas pump and colliding with a telephone pole. A verdict was rendered and a judgment entered for respondent. This appeal is from the judgment.

Briefly stated, the facts in connection with or surrounding the accident are substantially as follows: During the evening

of March 15, 1935, respondent, 26 years of age, and her companion, Genevieve Largent, met appellant George Pfeffer, aged 23, and Bud Cook at the Heidelburg, a beer parlor in the city of Coeur d'Alene. The group then drove to a beer parlor known as the Slab Inn, respondent and appellant George Pfeffer, who drove the car, sitting in the front seat and the other occupants being seated in the rear seat. The parties remained at the Slab Inn approximately one hour where they drank about two pitchers of beer and then left and proceeded to another beer parlor known as the State Line where they had more beer. About 11 o'clock they left the State Line Beer parlor and while proceeding homeward to Coeur d'Alene at a rate of speed of 40 to 50 to 60 miles an hour and when about four miles distant from the State Line the car swerved sharply to the left across the pavement over the shoulder of the road striking a gas pump and colliding with a telephone pole. Appellant Leo Pfeffer is the father of appellant George Pfeffer and the owner of the car which was being driven by appellant George Pfeffer.

Six assignments of error are specified and relied upon by appellants for a reversal of the judgment. We do not deem it necessary to discuss but two of the errors assigned, namely that the court erred in giving instructions numbered two and six, both of which were so clearly erroneous and prejudicial as to compel a reversal of the judgment.

Instruction number two recited as follows:

"You are instructed that the fact of ownership of a car, in itself, regardless of the presence or absence of the owner in the car at the time of the collision, establishes a *prima facie* case against the owner, for the reason that the presumption arises that the driver is the agent of the owner, and that it is a question of fact for you to determine whether or not George Pfeffer was the agent of Leo Pfeffer at the time of this collision, or whether or not Leo Pfeffer knew, in permitting defendant George Pfeffer to drive the car, that the car was in a defective condition, *and if you find in the affirmative on either of these two points, you must conclude that the defendant Leo Pfeffer was jointly liable with George Pfeffer for any negligence which was the proximate cause of the*

*injuries to plaintiff,* if you find that the injuries were proximately caused by the negligence of the defendants herein, *or either of the same."* (Emphasis inserted.)

It may be said that the evidence is not clear as to what was the proximate cause of the accident, that is, whether it was caused by reason of the defective condition of the car, the speed at which it was being driven, a combination of these, or other causes. There was evidence that the car was being driven, admittedly 40 to 45 miles an hour, and, according to respondent was proceeding at the rate of 60 miles an hour immediately preceding the collision. There is also evidence that the car was in a defective condition, the front spring causing the car to shimmy at times, which fact was known to appellant Leo Pfeffer, but the evidence is not such that the jury's conclusion as to what may have been the cause of the accident can be stated. From the wording of the instruction complained of the jury might well have determined that the presumption of agency had been overcome, that is, that George Pfeffer was not the agent of Leo Pfeffer, but were nevertheless bound under the instruction to find against both appellants. In other words, if the jury found that no agency existed between the appellants, but that the car was defective and the defect was known to appellant Leo Pfeffer the jury was bound under the instruction to find against Leo Pfeffer even though the defective condition of the car was not the proximate cause of the accident. The instruction directed the jury to find Leo Pfeffer jointly liable with George Pfeffer *"for any negligence"* which was the proximate cause of the injury. If appellant George Pfeffer was not the agent of his father in operating the car appellant Leo Pfeffer would not be liable upon the theory alone of agency. If the negligence of George Pfeffer was the speed alone at which the car was being driven and he was not the agent of Leo Pfeffer the latter would not be liable. Appellant Leo Pfeffer, in the absence of agency, would not be jointly liable with appellant George Pfeffer, even though the car was in a defective condition which fact was known to appellant Leo Pfeffer, unless the defective condition of the car was the proximate cause of the accident. (*Cosgrove v. Tracey,* (Or.) 64 Pac. (2d) 1321.) The in-

struction, however, does not contain the limitation that the defective condition of the automobile must have been the proximate cause of the accident in order for appellant Leo Pfeffer to be held jointly liable with appellant George Pfeffer, in the absence of agency, but directs the jury to find joint liability for any act of negligence, and was under the condition of the record erroneous and prejudicial to appellants.

Appellants contend that the court erred in giving instruction number six as follows:

"That at the time and place involved herein the limit of speed was 35 miles per hour, and that it was unlawful for any person to exceed that limitation of speed."

Respondent in her brief urges that since she did not and does not contend and the evidence does not show that the speed at which the car was being driven was the proximate cause of the accident, and the resultant injury, while admittedly instruction number six should have included the words *"prima facie,"* the error, if it be error, is harmless. Respondent is correct in the admission that the instruction should have included the words *"prima facie."* (I. C. A., sec. 48–504; *Willi v. Schaefer Hitchcock Co.,* 53 Ida. 367, 25 Pac. (2d) 167.) The instruction in the form given was erroneous. We are not prepared to say that the jury could not have determined that speed was the proximate cause of the accident.

The judgment is reversed and the cause remanded for a new trial. Costs awarded to appellants.

Morgan, C. J., and Holden, Ailshie, and Givens, JJ., concur.