## PETERSON v. LOUISIANA POWER & LIGHT CO. et al.

### No. 16675.

Court of Appeal of Louisiana. Orleans.

May 31, 1937.

A. F. Higgins, of Gretna, and H. W. & H. M. Robinson, of New Orleans, for appellant.

Frank T. Doyle and Nicholas Masters, both of New Orleans, for appellees.

JANVIER, Judge.

Elizabeth C. Peterson alleges that while she was a passenger in a motorbus owned and operated by Louisiana Power & Light Company in the course of its business as a carrier of passengers for hire she received physical injuries when the bus, which had stopped to take on· and discharge passengers, was run into from the rear by a motortruck driven by Irwin Pollock. She seeks solidary judgment against Louisiana Power & Light Company and Pollock, charging the drivers of both vehicles with negligence, the details of which we shall later discuss, and also charging the Louisiana Power & Light Company with violation of its contractual obligation, under which she alleges that it was under the duty of providing her with "safe passage to her destination."

The carrier, maintaining that the allegations of the petition show that, whatever may have been the fault of the operator of its bus, that negligence had, at the time of the collision, ceased to have active effect and had no causal connection with the ultimate injuries and that the said damage, according to the petition itself, had its

legal proximate cause solely in the negligence of Pollock, filed an exception of no cause of action.

From a judgment maintaining this exception plaintiff has appealed.

If the allegations of the petition are true, the driver of defendant's bus was exceedingly negligent in many particulars, for it is charged—and for the purpose of the exception it must be admitted—that he "violated all the rules of safe driving by stopping in the middle of a much used highway on the wrong side of the street * * * blocking traffic in front and behind," and it is also charged that he "gave no warning of his intention to stop the bus" and that he "parked his vehicle in the center of the paving of the main portion of the highway, in violation of Rule 15 (a) of [section 3 of] Title II of Act 21 of 1932."

But the petition also contains allegations charging negligence in Pollock, the operator of the other vehicle, and it is these allegations which exceptor contends' show that the proximate cause of the accident was Pollock's negligence and not the negligence of exceptor's driver. It is argued that these allegations show that, whatever fault may have been committed by the said driver of exceptor's bus, that fault had ceased to have any active effect—had, in other words, become passive—and would not have caused injury except for the later and intervening acts of Pollock. Exceptor does not rely upon the doctrine of the last clear chance, being aware of the fact that that doctrine has no application as between joint tort-feasors, but it maintains that even a carrier is not liable to a passenger for injuries resulting from independent intervening acts of negligence of other persons, even though the employees of the carrier may have been at fault in some particular, unless there was truly causal connection between the negligence of the carrier, or of its employee, and the ultimate damage, and it is quite true that the allegations which charge negligence in Pollock, the other defendant, to say the least, suggest that that negligence was the proximate cause of the collision and was committed after the acts charged against exceptor's employee had ceased to have any active effect. Those allegations are:

"That the said Irwin Pollock was guilty of gross carelessness in running into from the rear, in the broad daylight, when said bus was in his plain view, for more than 500 feet; and also in operating his truck at a high rate of speed, so that it could not be stopped in time to avoid violent collision with the said bus."

If plaintiff intended to charge that when Pollock was still 500 feet away the bus stopped in the roadway ahead, then she has come dangerously near to charging that the only legal cause of the accident was the carelessness of Pollock in not stopping, as he could easily have done had he exercised any care at all. In other cases involving somewhat similar facts we have held that the driver of the vehicle which approached from the rear and which ran into the stationary vehicle ahead was at fault and we have even permitted recovery by the owner of the stationary vehicle though he may have been at fault in parking in the roadway carelessly and in violation of laws or ordinances concerning tail lights, or otherwise in violation of the dictates of prudence. See Raziano v. Trauth, 15 La.App. 650, 131 So. 212.

It is also true that it is now definitely established that a carrier of passengers in Louisiana is not the insurer of the safety of those passengers and that its only duty is to show that the accident which caused the injury did not result from its negligence. (Cusimano v. New Orleans Public Service, Inc., 170 La. 95, 127 So. 376), and, while it is true that the burden of proof in such cases is on the carrier, if the facts are such as to indicate that the passenger had no knowledge of the cause of the accident (McGinn v. New Orleans Ry. & Light Co., 118 La. 811, 43 So. 450, 13 L.R.A.[N.S.] 601) nevertheless we feel that, in the case at bar, the extraordinary charges of negligence against the defendant-exceptor are such that it may possibly be shown that there was some causal connection between those acts of negligence and the accident, though, in view of the nature of the allegations against Pollock, we experience difficulty in conceiving of facts connecting the original negligence of the bus driver with the ultimate occurrence. In Woodley & Collins v. Schusters' Wholesale Produce Co., Inc., 170 La. 527, 128 So. 469, the Supreme Court said that in many instances involving automobile collisions it is not easy nor safe to lay down a hard and fast rule on the subject, and the Supreme Court also said, in Gibbs v. Illinois Central R. Co., 169 La. 450, 125 So. 445, 447, in which an exception of no cause of action was involved, that "it may be that, when the case is tried and all of the facts

are put before the court, no alternative will be left." So say we here.

The exception of no cause of action must be overruled.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that this matter be and it is remanded to the Twenty-Fourth judicial district court for the parish of Jefferson for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.