## ROBINSON et al. v. MILLER et al.*
### No. 16736.

Court of Appeal of Louisiana. Orleans.

Dec. 13, 1937.

Edw. S. Spiro, of New Orleans, for appellants.

A. F. Higgins, of Gretna, for appellee Wilmot Schiffler.

James N. Brittingham, Jr., of New Orleans, for appellee William Miller.

WESTERFIELD, Judge.

The facts of this case were briefly stated in our opinion on the motion to dismiss filed on behalf of one of the defendants-appellees. 176 So. 646. Since we are

*Rehearing refused Jan. 10, 1938.

now considering the propriety of a judgment maintaining an exception of no cause of action, it is necessary that we repeat the facts in greater detail. The suit was brought on behalf of a minor, Henry Robinson, Jr., by his parents. It is one sounding in damages in which $8,000 is claimed as against William Miller and Wilmot Schiffler, the drivers of the two colliding vehicles, on one of which petitioners' son was a guest passenger. It is alleged that as a result of the collision petitioners' son suffered a fracture of his left leg.

The petition alleges that at about 12 o'clock noon on December 21, 1934, Henry Robinson, Jr., accepted an invitation to ride on William Miller's Ford truck, which was being driven by him at the time on what is known as the "Willow road"; that Robinson stood on the running board on the right-hand side of the truck, holding to the frame of the front door; that about ten minutes after Robinson had assumed the position on the running board the truck reached the intersection of Barataria road with the Willow road and "had almost entirely completed the intersection" when "a Buick Bus, owned and operated by W. Sceffler (or Schiffler), known as the Barataria Bus, and which was proceeding out Barataria Road, in the direction of the Mississippi River, struck the Ford truck of the defendant, William Miller, on the right rear, and the force of the collision between the two vehicles was so severe that petitioners' son was thrown off the truck to the ground." The charges of negligence are contained in paragraphs IV and V of the petition, and are as follows:

"IV. Petitioners now aver that the collision aforesaid was due to no fault of their child but was due entirely to the negligence and carelessness of the defendant, William Miller, in the operation of his Ford truck, as also the negligence and carelessness of the defendant, W. Sceffler (or Schiffler), in the operation of his Bus, in that said defendants were driving their said vehicles at a reckless, careless and negligent speed and in total disregard of the safety of petitioners' child.

"V. Petitioners further aver that the aforesaid defendants were engaged in a joint unlawful and illegal act, and the resulting collision was due to the joint acts of the defendants in the operation of their respective vehicles, which were being driven in a reckless, careless and negligent

manner, and that therefore, they are jointly and in solido indebted unto your petitioners, for the use and benefit of their said child, for the damages their said child has sustained."

■ On behalf of the defendant Schiffler, the argument is made that because plaintiffs' son was riding on the running board of the Ford truck in violation of rule 22 of section 3 of Act No. 21 of 1932, he was guilty of negligence which precludes his recovery; citing Lampkin v. McCormick, 105 La. 418, 29 So. 952, 83 Am.St.Rep. 245, and Belden v. Roberts, 3 La.App. 338. It is sufficient answer to this contention to say that, though it is negligence for a person to ride on a running board in defiance of a prohibitory statute, that circumstance alone is not sufficient to establish contributory negligence on the part of the offender so as to preclude his recovery in an action for damages against the owner or operator of a vehicle which collides with the one on the running board of which the person is riding.

In Stout v. Lewis, 11 La.App. 503, 123 So. 346, 348, plaintiffs' minor son, John Stout, Jr., in violation of a city ordinance, was riding on the running board of an automobile when it collided with another car. As a result of the collision he was thrown to the ground and his leg broken. In that case we said: "It is not sufficient to say that he would not have been hurt, if he had not been on the running board, because he might have remained upon the running board until he had reached his destination without injury, but for the negligent management of the car, on the running board of which he was riding; a risk which he did not assume. Whatever danger may have been involved in riding upon the running board, and such risk as would ordinarily be incident thereto, in the ordinary and usual operation of defendant's automobile, were assumed by the plaintiff. But plaintiff was a passenger and defendant owed him the duty of ordinary care, an obligation he was not relieved of by plaintiff's carelessness."

■ In the instant case, if the excessive speed of the bus was the proximate cause of the accident, it may be that Robinson would have been injured whether he was on the running board or inside the truck, as was true in the Stout Case. We are of opinion that a cause of action is stated in the petition so far as Schiffler

is concerned. It is only fair to say that the judge a quo maintained this exception at the request of plaintiffs' counsel, and for no other reason, as we have pointed out in our opinion overruling the motion to dismiss.

■ The defendant Miller contends that since it is alleged that the Ford truck driven by him had "almost entirely completed the intersection" and was struck in the right rear by the Buick bus, no cause of action is stated as against him. He cites Hamilton v. Lee, La.App., 144 So. 249; Lambert v. Conrad, La.App., 152 So. 93; Mills v. Moore et al., La.App., 166 So. 169, and other cases which hold in effect that an automobile which has first entered the intersection has the right of way and is entitled to proceed upon the assumption that the drivers of other vehicles on intersecting roadways will respect his right of way. It is true that the allegations of negligence in the plaintiffs' petition are quite vague, in that they charge recklessness and carelessness without specifying in what particular manner the drivers of the colliding vehicles were reckless and careless. To this petition an exception of vagueness might well have been addressed; nevertheless, the petition does charge that the drivers of both vehicles at the time of the accident were operating the vehicles at a "careless and negligent speed," and we think it may be fairly said that this allegation amounts to one of excessive speed. It is made to apply to both drivers. If, upon the trial of the case, it is shown that Miller, because of excessive speed, was on that account a factor in the accident and to some extent its proximate cause, he would be liable notwithstanding the negligence of the driver of the Buick bus, because both drivers would be guilty of negligence contributing to the result. The mere fact that the Miller car had almost completed the intersection would not of itself be sufficient to excuse him from the effects of his negligent speed in reaching that position. There are exceptions to the rule invoked by counsel and sustained by the authorities cited, for example, where, to use a colloquial expression, a driver "beats it across." Ordinarily, the rule invoked applies. But where a driver enters an intersection at a time when crosswise traffic is so near that to cross its path would appear dangerous and imprudent to a reasonable man, the fact that he had, by speeding his car, almost completed the crossing when struck on the

side and toward the rear of his automobile, would not relieve him of responsibility for his recklessness in disregarding the obviously impending danger of collision by driving heedlessly across the intersection.

In Peterson v. Louisiana Power & Light Co., 174 So. 644, we held that a petition which alleged plaintiff to be a passenger in a bus which was run into from the rear while stopped in the middle of the highway, without having given any warning of the intention of the driver to park the bus in violation of rule 15 (a) of section 3 of title 2 of Act No. 21 of 1932, relative to parking vehicles in the center of the highway, disclosed a cause of action.

Our conclusion is that the exceptions of no cause of action are not well founded and should have been overruled.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that the exceptions of no cause of action be and they are overruled, and this case remanded to the Twenty-Fourth judicial district court for the parish of Jefferson for further proceedings according to law and not inconsistent with the views herein expressed; costs of this appeal to be borne by defendants, other costs to await final determination of the case.

Reversed and remanded.