## BARNES v. MARYLAND CASUALTY CO.

### No. 6125.

Court of Appeal of Louisiana. Second Circuit.

June 10, 1940.

Rehearing Denied July 5, 1940.

Robt. J. Newson, of Shreveport, for appellant.

Cawthorn, Golsan & Tooke, of Mansfield, for appellee.

DREW, Judge.

This is a tort action in which plaintiff claims to have been injured and thrown from the truck driven by an employee of Walter Peterson, who carried a policy of liability insurance with the defendant.

He alleged the truck driver was acting in the course and scope of his employment, and that he, the plaintiff, was riding on the truck with the consent of the said Peterson, who had agreed to send him home when he reported for work and found that his services were not needed for that day. He alleged that his destination was known to the truck driver and that he had agreed to stop and let him off. He does not allege a failure of compliance with this agreement, but did allege:

"That upon reaching the point in the said road which was in DeSoto Parish, Louisiana, where your petitioner had previously agreed with the said Peterson and/or his agents that the said truck would stop for him, that your petitioner started to get off the truck when it had almost stopped and was just about to alight from the truck but had not done so, since your petitioner was waiting for it to come to a full stop, when the said truck started up again quite suddenly and without warning; throwing your petitioner off from where he was standing at that time on the running board having got down to the running board from the truck when it slowed up and that in throwing your petitioner off the said truck, he was thrown under one of the wheels of the said truck which ran over and broke his right leg."

Defendant filed numerous exceptions to the petition, among which were actions of vagueness, no cause of action and no right of action, all of which were sustained by the lower court, and plaintiff is now prosecuting this appeal.

The exceptions of no right of action and no cause of action were correctly sustained and it is, therefore, not necessary to discuss the other exceptions.

It is well settled in our jurisprudence that an affirmative allegation of

contributory negligence which is a proximate cause of an accident, made by the plaintiff, can be taken advantage of by defendant through an exception of no cause of action or no right of action.

It can not be doubted that one who attempts to alight from a moving vehicle is guilty of contributory negligence, which negligence is a proximate cause of an accident caused thereby. It is likewise true that a passenger who leaves his seat on a moving truck and stands on the running board, preparing to alight, before the truck comes to a stop, is guilty of gross negligence.

At least one of the proximate causes of the accident was that plaintiff was riding on the running board and had left his seat. It is not alleged or urged that the sudden jerk by the truck would have dislodged plaintiff from his seat on the truck.

The judgment of the lower court, sustaining the exceptions of no cause of action and no right of action, is correct and is affirmed, with costs.