GLADNEY, Judge.
Mrs. Nina Jones, a widow, instituted this action ex delicto in her own behalf to recover medical expenses, and in behalf of her minor daughter, Sheila Jo Mitchum, to recover damages for personal injuries sustained in a fall from a pick-up truck on September 14, 1955. Made defendants in the suit are James Roy Cook, Sr., father of the minor, Tommy M. Cook, and his public liability insurer, Indemnity Insurance Company of North America. Following trial on the merits there was judgment in behalf of the defendants, rejecting plaintiff’s demands, and she has appealed.
The accident occurred under the following circumstances: On the evening of the day of the accident, Sheila Jo Mitchum, then sixteen years of age, was visiting Loraine Valentine in the Valentine home on Bellmont Street in Shreveport. Tommy Cook, driving his father’s Chevrolet pick-up truck, came by the Valentine home about 8:00 o’clock p. m. for the purpose of dating Melba Valentine, an older sister of Loraine. The three girls decided to go with Tommy Cook to a Drive-In place on the Mansfield Road to enjoy soft drinks. They entered the truck, Melba seating herself inside the cab and the two younger girls climbed in the back. Before the truck left her premises, Mrs Valentine noticed Loraine and Sheila Jo Mitchum were standing up in the bed of the truck behind the cab, and she instructed them to sit down on the floor, and this they did. After backing the truck a short distance down Bellmont Street, Tommy Cook drove out Corbitt Street and proceeded west to Fairfax Street. Shortly after the truck left the Valentine home the two girls who were seated in the rear of the truck stood up facing toward the front. The bed of the truck is similar to that of the ordinary pick-up vehicle with metal sides standing about two feet above the floor. The cab was rounded and contained no handles or other means by which Loraine and Sheila Jo could hold themselves in a secure position while standing. They were, therefore, forced to merely lean against the rear of the cab.
As the vehicle proceeded along Corbitt Street, according to the testimony of the three girls, Tommy Cook began driving in a reckless manner by maneuvering his vehicle through a series of sudden accelerations and stops. Counsel for the appellant describes this conduct as “clowning” done apparently in an effort to excite and amuse his female passengers. The three girls testified that just prior to the accident Sheila Jo Mitchum beat upon the rear glass of the truck in an effort to attract the attention of the driver and Sheila Jo says that this was done for the purpose of warning him not to drive so recklessly. When the truck had proceeded a short distance Sheila Jo lost her balance and fell upon a tire resting in the bed of the truck. She was not hurt and again stood up and continued riding in a standing position as before. When the truck reached the corner of Fairfax Street it was slowed from a speed of about twenty-five miles per hour to a speed estimated at from twelve to fifteen miles per hour, and the driver attempted to make what was *199 described by the three girls as a quick, sharp turn. Sheila Jo says she had not expected the vehicle to be turned at this corner, but had anticipated the turn would be made a block farther west, which would have been the usual course of travel. Just as the truck was about to turn, Sheila Jo leaned over the side of the truck in order to say something to Tommy Cook and while in this position the truck made a right-hand turn into Fairfax Street. Sheila Jo was thrown from the vehicle into the street intersection, and received serious injuries. Tommy Cook denies he was making any unusual maneuvers with the truck, that he was driving recklessly, or that he perceived at any time his two guest passengers standing in the rear of his truck were in danger.
Plaintiff charges the injuries received by her minor daughter were entirely caused by the reckless driving of Tommy Cook in making the unusual maneuvers above mentioned, and by virtue of a sudden and unexpected sharp turn to the right into Fairfax Street without proper care toward the safety of his guest passengers. The defendants assert Tommy Cook was not in any way negligent and plead in the alternative that Sheila Jo Mitchum was contrib-utorily negligent in that she stood up in said truck while it was moving and leaned over the side of said truck, and further that in so standing while the truck was moving, she assumed the risk of falling from said truck as a result of centrifugal force when she could have sat safely in the bed thereof.
The judge a quo in rendering a decision favorable to defendants, was of the opinion Sheila Jo Mitchum, although only sixteen years of age, was aware of the effects of centrifugal force, that she was negligent in leaning over the side of the truck to speak to the driver, especially in view of the fact she had been told to sit down in the bed of the truck, and had already fallen while standing up in the truck, and that such conduct constituted contributory negligence. He further reached the conclusion Tommy Cook was not negligent.
Our examination of the record has convinced us that Sheila Jo Mitchum was guilty of contributory negligence, but we are not fully in accord with the finding of the trial judge that Tommy Cook was not negligent. Whether he was or not, however, is not material in the determination of this case.
Counsel for appellant earnestly urges the decision of the trial court was in error in not finding the negligence of Tommy Cook was the sole and proximate cause of the injuries sustained by Sheila Jo Mitchum. He further argues Sheila Jo Mitchum was not in any way negligent and did not assume the risk of injury when she stood up in the rear of the truck while it was in motion. These contentions point up the principal issues in the case.
The Motor Vehicle Regulatory Act of this state declares: “No person shall be allowed to ride on running boards, fenders, or rear racks of motor vehicles.” LSA-R.S. 32:249. Resting largely upon the provisions of this statute there have been a number of instances where the appellate courts of this state have held the act of riding on a running board constitutes contributory negligence. Robinson v. Miller, La.App.1937, 177 So. 440; Barnes v. Maryland Casualty Company, La.App. 1940, 197 So. 639. Although the statute has prohibited parties from being allowed to ride on running boards, fenders or rear racks of motor vehicles, recovery has been allowed in certain cases because the circumstances which gave rise to the claim indicated the negligence of the defendant motorist was the sole proximate cause of the injury. Fidelity Union Casualty Company v. Carpenter, 1929, 12 La.App. 321, 125 So. 504; Cosse v. Ballay, La.App.1933, 149 So. 285; Jackson v. Young, La.App. 1957, 99 So.2d 400. The duty of observing care rests upon both the driver and his guest passenger riding in an unusual position. In the application of this legal principle the mere fact Sheila Jo Mitchum was riding upon the back or rear bed of the truck is not of itself an act of contributory *200 negligence as a matter of law. Whether or not the conduct of Sheila Jo constituted contributory negligence must be governed by the circumstances leading up to the accident. Similarly, the driver of the truck ■owed plaintiff the duty of using due care commensurate to her insecure position in the truck. We have no doubt Tommy Cook knew plaintiff was standing during the time the truck was moving just prior to the accident. Prudence under these circumstances required the driver to move at a reasonable and constant speed consistent with any foreseeable danger to his guests, and before executing the right angle turn he should have indicated his intention to the girls standing in the rear of the truck.
 The truck was not equipped with handles or other means of gripping and consequently when Sheila Jo Mitchum stood up in the rear of the truck she should have realized she could not maintain body stability while the truck was in motion. By standing in such a manner in the bed of the truck she unquestionably placed herself in a hazardous position. She had previously been instructed by Mrs. Valentine to seat herself on the floor of the truck and in addition to this warning she had already fallen because of the standing position. She, therefore, knew it was hazardous to ride while standing with no means of maintaining stability and must be held to have assumed the risk incident thereto. See: Brown v. Waller, La.App. 1942, 8 So.2d 304. The injuries sustained by Sheila Jo Mitchum were in some measure directly caused by the precarious position in which she placed herself. A passenger, nonetheless, in assuming risk incidental to the operation of an automobile, does not assume the risk of dangers created by the reckless, careless and negligent acts of the motorist. Keowen v. Amite Sand & Gravel Co., La.App., 1941, 4 So.2d 79. A plaintiff passenger in a motor vehicle can be held to assume the risk of a dangerous position therein only when it is found his injuries were the natural consequence of the risk he assumed. Thus, it was said in Stout v. Lewis, 1929, 11 La.App. 503, 123 So. 346-348:
“The negligence of the plaintiff in this case, as affecting his right to recover, his contributory negligence involved the assumption of the risk and peril incident thereto. He assumed the risk of his dangerous position. If it may be said that his injuries were the natural consequences of the risk he assumed, he cannot recover.
“It is not sufficient to say that he would not have been hurt, if he had not been on the running board, because he might have remained upon the running board until he had reached his destination without injury, but for the negligent management of the car, on the running board of which he was riding; a risk which he did not assume. Whatever danger may have been involved in riding upon the running board, and such risk as would ordinarily be incident thereto, in the ordinary and usual operation of defendant’s automobile, were assumed by the plaintiff. But plaintiff was a passenger and defendant owed him the duty of ordinary care, an obligation he was not relieved of by plaintiff’s carelessness.”
The plaintiff, Stout, therein was injured when another car struck the vehicle upon which the plaintiff was riding.
Appellant strongly relies upon the recent case of Jackson v. Young, La.App.1957, 99 So.2d 400, 404, to show that plaintiff in the instant case was not guilty of contributory negligence. The facts of the cited case are not apposite. The court held therein the proximate cause of plaintiff’s injuries was the negligent action of the driver therein in driving too fast under the circumstances, skidding on loose gravel and shifting into second gear so that his truck whipped around. The facts disclose that Jackson, after being invited to ride on defendant’s truck,, was instructed to get in the back. The defendant driver had actual *201 knowledge plaintiff was sitting on the side of the truck. The defendant turned suddenly at a ninety degree angle, striking loose gravel and when the truck began to slide on the loose gravel the defendant shifted into second gear and accelerated it, which, in turn, caused plaintiff to fall over backwards off the truck. The opinion of the court then said:
“Assuming that the plaintiff in the case at bar was negligent in placing himself in such a precarious position, was this negligence per se, thus rendering him contributorily negligent and barring him from recovery? Had the defendant driven the curve in a reasonable and prudent manner or slowed properly and given sufficient warning that he intended to turn, he would have been guilty of no negligence, whatsoever. If plaintiff had fallen under these circumstances, then he would have assumed the risk of his precarious position on the truck. The facts in the case at bar distinguish it from the cited cases.”
Jackson v. Young, supra, differs from the instant case in that Sheila Jo Mitchum not only had been instructed to sit on the floor of the truck, but after disregarding this directive, had stood up and fallen from such an insecure position. Under these circumstances she cannot be held free from negligence which contributed to the accident.
In our opinion the injuries received by Sheila Jo Mitchum resulted from concurrent acts of negligence on the part of Sheila Jo Mitchum and Tommy Cook. Undoubtedly, the accident would never have occurred had Sheila Jo Mitchum seated herself safely on the truck and her negligence was in leaving such a safe position for one of danger with full knowledge of the hazardous character of the position in which she placed herself. We are also of the opinion that Tommy Cook owed a greater degree of care toward his passen-gers in the truck than he was exercising at the time of the accident. For these reasons we do not find manifest error in the ruling of the trial court. Accordingly, the judgment from which appealed is affirmed at appellant’s cost.