TATE, Judge.
The plaintiff brings suit individually and on behalf of his minor son (“Donald”) to recover for damages and Donald’s personal injuries sustained when the boy *761 fell from a pickup truck. The defendant is the liability insurer of the truck’s driver, a 15-year-old boy. The trial court awarded the plaintiff damages.
The defendant insurer appeals. The .appellant urges that the trial court erred in finding the insured driver negligent; and the appellant further contends that plaintiff’s recovery is barred by Donald’s contributory negligence or assumption of the risk in riding in the rear of the pickup truck.
The accident occurred as follows:
Early in the evening seven other teenage boys, 15 to 17, were riding in the young driver’s pickup truck. Six of them, including Donald, were riding on the bed of the truck beyond the cab. At the time of the accident, the truck was being driven along a somewhat bumpy gravel road. It was being driven at a speed variously estimated at from 45 to 60 mph.
Donald, the injured boy, was attempting to change his position. He was moving slowly in a “duck-walk” squat, holding to the side-wall of the bed. The driver suddenly swerved the truck sharply to miss a hole in the road; almost simultaneously the truck bumped into the hole; the bump bounced Donald over the side of the truck onto the road on his head, the immediately previous sudden swerve having caused him to lose his balance.
Despite defendant’s contrary contention, the trial court correctly held the truck’s young driver to be negligent in driving too fast (or without sufficient lookout) under the circumstances, where, after avoiding other mudholes in the bumpy road, he was forced at his speed to swerve sharply but nevertheless bumped into the hole so as to cause his passenger to fall out of the truck. The excessive speed, as well as the consequent sudden swerve which contributed to the passenger’s loss of stability, constituted negligence on the part of the driver which caused the accident. Dupre v. Louisiana Department of Highways, La.App. 3 Cir., 154 So.2d 579; Jones v. Indemnity Ins. Co., La.App. 2 Cir., 104 So.2d 197; Jackson v. Young, La.App. 1 Cir., 99 So.2d 400.
The appellant further contends, however, that Donald was contributorily negligent or assumed the risk of being bounced from the truck by squatting instead of sitting.
The general principles applicable are: A passenger on the rear of a truck or an outrider on a vehicle assumes only such risks as are ordinarily incident to his position. He does not assume the risk of negligent driving on the part of his driver, as he is ordinarily entitled to reasonably rely upon his driver’s exercise of the necessary care and caution to avoid causing an unreasonable risk of injury to his passengers. See: Bordelon v. Great American Indemnity Co., La.App. 3 Cir., 124 So.2d 634; Jackson v. Young, La.App. 1 Cir., 99 So.2d 400; and jurisprudence therein cited.
In the present instance, although Donald was changing his position in the rear of the truck, he was doing so cautiously through a squatting “duck-walk”, holding onto the side of the truck. Donald was not contributorily negligent: he did not stand up, or otherwise unreasonably expose himself to a risk of being bounced out of the truck by his position. If Donald assumed any risk by squatting instead of sitting, it was only such risks as are ordinarily incident to such action; thus, he did not assume the risk of the negligent sudden swerve and jolt which caused his injury.
The trial court correctly rejected the defendant’s claim that recovery should be barred by Donald’s contributory negligence or assumption of the risk.
The decisions relied upon by the defendant-appellant are distinguishable. In Matlock v. Allstate Insurance Co., La.App. 3 Cir., 155 So.2d 484 and Jones v. Indemnity Ins. Co., La.App. 2 Cir., 104 So.2d 197, the *762 passengers situated themselves in hazardous positions foreseeably endangering their fall from the vehicles, as a result of which they were held contributorily negligent or to have assumed the risk of the fall which injured them. Unlike the riders in the cited cases, the present passenger maintained himself in what would have been a safe position on the vehicle, except for his driver’s negligent sudden swerve and jolt into a hole in the road.
No issue is raised as to the quantum awarded.
For the foregoing reasons, we affirm the judgment of the trial court in favor of the plaintiff, at the cost of the defendant-appellant.
Affirmed.