DOMENGEAUX, Judge.
This tort suit was instituted by plaintiff-appellant, Clyde D. Miller, against his own automobile liability insurer, General Accident Fire & Life Assurance Corp., Ltd., defendant-appellee, as a result of an accident which occurred on April 1, 1969, during the hours of darkness at approximately 11 P. M. The trial court rejected plaintiffs demands and ordered the suit dismissed at his costs on the basis that plaintiff was himself guilty of negligence proximately causing the accident. We affirm.
At the time of the accident hereinafter described plaintiff and his companions were engaged in hunting rabbits from a moving automobile on a parish gravel road with the aid of the vehicle’s headlights. LSA R.S. 56:124(8) prohibits the hunting of rabbits with headlights; LSA R.S. 32:292 prohibits hunting or discharge of firearms on roads or highways; and LSA R.S. 56:123 provides that the legal hunting season for rabbits is from October 15th through February 15th. In view of our conclusions herein, however, we do not reach the question of whether or not the violation of any of these statutes affects plaintiff’s right or cause of action in this civil case.
The facts, as testified to by plaintiff and Dale DeVille are to- the effect that plaintiff and three of his friends, Clark and Allen Rozas, (who did not testify), and the said Dale DeVille, decided, on the night in question, to commence a rabbit hunt along a gravel road in Evangeline Parish, Louisiana. The vehicle they used was a 1966 Pontiac sedan which was owned by plaintiff and which was insured for liability by the defendant insurance company. The manner of conducting the hunt was such that the vehicle’s headlights were used to illuminate the road and shoulders in the hopes of “shining” a rabbit which would then be bagged, using a double-barreled shotgun held by one of the participants. It was planned that the person with the gun would place himself in the front seat next to the right door with the window lowered and the trunk of his body more or less on the outside of the car. The hunt commenced with plaintiff driving and Clark Rozas being the hunter. The car was travelling on the aforementioned gravel road at a speed of from 20 to 25 miles per hour. Clark Rozas determined that his hunting position was uncomfortable, so the car was stopped, and Clark placed himself in a sitting position on the right front fender with his legs straddling the right front light. Plaintiff continued to drive the vehicle as aforementioned, a rabbit was encountered, Clark Rozas fired but missed, and it was then decided that the plaintiff would take Clark’s place on the right front fender and Clark would drive the vehicle. The parties substituted their positions and as such continued with the hunt. As they were travelling, another rabbit was seen, and plaintiff raised the gun to a shoulder position to shoot the rabbit, but he fell off the right fender before he could discharge the weapon. It was in so falling that he sustained the injuries for which he seeks recovery herein.
Plaintiff contends that the brakes on his car were tight, and he so informed Clark of this fact, before the latter began to drive. He says that it was the sudden application of the brakes by Clark that caused him to fall off the fender and injure himself. We *282 find it unnecessary, as did the trial judge, to determine what negligence if any, Clark was guilty of, in that plaintiff’s own negligence is obvious.
LSA R.S. 32:284 prohibits any person from riding on running boards, fenders, tailgates, etc., but we agree that a violation of this statute does not render one negligent per se, as any such negligence must be a proximate cause of the accident and depends upon the facts and circumstances of each particular case. Fidelity Union Casualty Co., Inc. v. Carpenter, 12 La.App. 321, 125 So. 504 (La.App. 2nd Cir. 1929); Robinson v. Miller, 177 So. 440 (La.App.Or. Cir., 1937); Salone v. Shreveport Rys. Co., 41 So.2d 240 (La.App. 2nd Cir. 1949); Brantley v. Brown, 260 So.2d 719 (La.App. 2nd Cir. 1972).
The general rule when one is an outrider on a vehicle is that he only assumes such risks as are ordinarily incident to his position. He does not assume the risk of negligent driving on the part of his driver as he is ordinarily entitled to reasonably rely upon his driver’s exercise of the necessary care and caution to avoid causing an unreasonable risk of injury to his passenger. Fontenot v. American Employers Insurance Company, 176 So.2d 760 (La.App. 3rd Cir. 1965).
We cannot say, however, that the trial judge erred in denying plaintiff the shelter of the above rule in view of all aspects of this case.
 Plaintiff was riding on the right fender, without holding on to anything. His decision to straddle the fender while the car was moving at a clip of 20 to 25 miles per hour on a curving gravel road, at night, with a heavy double-barreled shotgun in his hands, under the peculiar circumstances of this case is negligence and is a proximate cause of his accident and resulting alleged injuries. Furthermore, under these circumstances, he voluntarily exposed himself to danger and consequently assumed the risk of the accident in which he was involved. Jack v. Sylvester, 150 So.2d 789 (La.App. 3rd Cir. 1963).
In the instant case plaintiff should have anticipated the possibility of falling off or being thrown off the vehicle’s fender while he was so precariously situated thereon. There is nothing in the record to indicate that plaintiff was incapable of recognizing any ordinary danger that might confront him. By his own testimony he warned the driver that the brakes were tight; he should have known therefore of the possibility of a less than normal brake application by a person who was not familiar with the “touch” of the brakes. But even without an application of the brakes, as described by plaintiff and his witness, it requires no special skill or knowledge for the plaintiff to have realized that in his straddling position, without holding on to anything, he could very easily fall off the fender by losing his balance or being thrown off because of the exigencies to be expected during the excitement of the hunt.
Plaintiff alleges additionally that Clark Rozas had the last clear chance to avoid the accident and the alleged resulting injuries to him. In this connection he says that when Clark applied the brakes and he fell forward Clark turned left and in so doing “probably” rolled over plaintiff’s leg. (There is no evidence of this.) Even so, assuming that Clark was negligent, and utilizing plaintiff’s impression of how this maneuver occurred, that chain of events happened so quickly as to preclude Clark from rolling over plaintiff’s leg (if in fact such was the case), thereby failing to comply with at least the third element required to apply the Last Clear Chance doctrine: (1) — (2) — and (3) “that at the time defendant actually discovered or should have discovered plaintiff’s peril defendant had a reasonable opportunity to avoid the accident.” Richard v. Southern Farm Bureau Casualty Ins. Co., 212 So.2d 471, (La.App. 3rd Cir. 1968), affirmed 254 La. 429, 223 So.2d 858.
*283 For the above and foregoing reasons, the judgment of the District Court in favor of defendant and against plaintiff dismissing the latter’s suit, is affirmed at appellant’s costs.
Affirmed.