GOTHARD, Judge.
This is an action for injuries sustained by plaintiffs minor fifteen year old daughter when she fell from the rear of an automobile.
James Leman, plaintiff-appellant, on behalf of his minor child, Michelle Leman, petitioned for damages against defendant-appellee, Allstate Insurance Company, the liability insurer of Henry Tolbert, owner of the vehicle involved, and Michael Tolbert, his son. Mr. Leman alleged that Michelle was injured when Michael failed to look in his rear view mirror and failed to observe that Michelle was sitting on the back of his car before he accelerated, thereby throwing Michelle off of the car. Allstate answered asserting that Michelle assumed the risk of her injuries and caused them herself by sitting on the trunk of the automobile while its engine was running, and by failing to get off the automobile before it moved. The trial court rendered judgment in favor of Allstate dismissing plaintiffs’ petition. The plaintiffs appeal contending that Michael was negligent for failure to use his rear and side mirrors to discover Michelle sitting on the rear of the car, thus making Michael the cause in fact of Michelle’s injuries; and that Allstate as his liability insurer is responsible in damages. Finding no error in the trial court’s judgment, we affirm.
On October 31, 1984, fifteen year old Michael Tolbert drove to a Halloween party with two friends, Scott and Brett, using his father’s 1979 T-Bird. Michael had a 10:00 p.m. curfew, and about 9:30 p.m. he decided to leave. Brett waited at the party while Scott and Michael went for the T~Bird which Michael had parked a couple of blocks away. Within a few minutes Michael and Scott returned with the T-Bird. Michael parked the car in front of the house where the party was still going on. Leaving the engine running and the radio on, Michael and Scott got out of the car and walked across the street to get Brett. According to Michael they spoke with Brett and some other friends including the plaintiff, Michelle, who wanted Michael to stay longer at the party. Michael testified, that he told Michelle that he could not stay longer. He hugged her and then he and Scott got into his car with Michelle standing about one or two feet from the passenger side of the car. Michael put the car in drive, pulled it to the left away from the curb and drove away. Michael testified that after driving a short distance, Scott grabbed his arm and shouted that a girl just fell off the car. Michael stopped the car, got out, and found Michelle laying on the ground unconscious. At trial, Michael testified that he could not recall whether he checked his mirrors before he pulled the car away from the curb. However, he felt sure that had there been anybody sitting on his car when he got in to drive away, that he would have seen them and made them get off.
For Michelle’s part, she testified that she had not known the engine was running while she sat on the T-Bird. She testified that she had known Michael was planning to leave, and that she had asked him to stay longer just before he left, but that he had told her he had to leave. Michelle testified that she was sitting on the T-Bird without permission and was talking with some friends when the car suddenly took off “fast”. She testified, that she hung on the car instead of jumping off, thinking it would be better to stay on, get Michael’s attention, and he would slow down. Michelle testified that she was hitting the car’s back window and was screaming “stop” when the passenger in the car looked back at her and then she fell off. Michelle denied being drunk that evening; however, she said she had had two small alcoholic beverages. As a result of her fall off of the car, Michelle suffered a broken collarbone and incurred approximately $2,662.35 in medical bills.
The negligence or breach of duty on the part of Michael asserted by plaintiffs is failing to check his rear and side mirrors prior to driving away from his parked position. Plaintiffs contend that Michael’s duty encompassed the risk of the injury sustained by Michelle when his acceleration threw her off of the car. It is defendant’s contention and the trial court’s finding that *698 Michelle’s injury was outside the scope of Michael’s duty.
In deciding the issue of whether the risk resulting in a person’s harm was within a duty imposed on an alleged tortfeasor, Louisiana has adopted an approach which first requires us to answer two principal questions: (1) was the conduct complained of a cause-in-fact of the harm; and (2) was the alleged tortfeasor under a duty to protect against the particular risk involved? Dixie Drive-It-Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962).
The accident in this case occurred because Michael drove his vehicle with Michelle sitting on the trunk. But for the fact that Michael failed to see Michelle and order her off of the car before he drove it away, the resulting harm to Michelle would not have happened. Therefore, Michael’s conduct was a cause-in-fact of the harm. We are then required to ascertain whether the actor breached a legal duty designed to protect against the particular risk involved.
Under the traffic laws of Louisiana, a motorist is required to maintain reasonable vigilance or to see that which he should have seen, and to exercise reasonable care under the circumstances. Baach v. Clark, 442 So.2d 514 (La.App. Cir. 5 1984), writ denied 447 So.2d 1067. Michael, as a motorist, had a duty to maintain reasonable vigilance and to pull away safely from the curb. As applied to the instant case the inquiry is whether the duty to look around and to safely pull away from the curb includes protection against such consequences as occurred here.
As stated in Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821, 831 (1971):
This does not mean that every consequence of a negligent act of man requires him to respond in damages. We are cognizant of the fear expressed by the Court of Appeal that to follow Dixie Drive It Yourself would be to set up an unending chain of legal responsibility in a “multiple car traffic tie-up”. Our holding in Dixie Drive It Yourself and in this case does not afford a basis for belief that this will result. The keys for the solution of the issue of responsibility when there is more than one cause-in-fact of damages are (1) a determination of the exact risk or risks anticipated by imposition of the legal duty which has been breached and (2) the legal or policy considerations which grant excuses from certain consequences which follow an act of negligence. This requires, under the facts and the law of each case and the attendant exigencies, a jurisprudential determination which will implement and make effective our broad codal provisions concerning those who should respond in damages for their faults.
The trial court found that the injury suffered by Michelle did not fall within the scope of protection afforded by the motorist’s duty. He stated:
In the argument that he had a duty to look and a duty to exercise reasonable care and a duty to proceed safely; of course he had such a duty, and he did have a duty to look around; he did have a duty to safely pull off from the curb. But the problem I have with awarding the plaintiff damages, in other words, in finding the defendant responsible is that I don’t believe that the breach of these duties encompasses the risk involved, or put more simply, the duty in my opinion is owed more specifically to pedestrians and to other automobiles. When one fails to look around and — and takes off in ones automobile, I think one can assume and rely upon the fact that nobody’s going to be sitting on the trunk. She had no business being on the trunk and it’s urged that I should dismiss her case on assumption of risk, which perhaps is a way I could dismiss the case. But I think the scope of the protection would include the — a pedestrian who may have been injured or damage to another vehicle, or personal injury to another person in another vehicle, but to say that his inattentiveness — by his inattentiveness and by his breach of duty he should be responsible for someone that’s in a place where she has no business being is stretching the scope of the pro *699 tection, I think, too far. Now, for those reasons I cannot say that there is legal responsibility here on the behalf — on behalf of Michael Tolbert for this accident.
Defendant Allstate cites Piper v. Allstate Insurance Co., 260 So.2d 163 (La.App. Cir. 1 1972), writs refused, 262 So.2d 41, as closely analagous in that it involves injuries sustained by plaintiff when she fell from the rear bumper of defendant’s pickup truck which was being driven by defendant’s fifteen year old son. In this case several young people were riding on the back of the young driver’s pickup truck on their way to school. The vehicle stopped either because several young friends walking to school called out to the driver for a ride to school, or because of the traffic preceeding the truck being stopped. In any event, three of the children then sat on the rear bumper. When the vehicle started and made a left turn, the three on the rear bumper fell off and suffered injuries. The evidence showed that the children shouted a warning to the driver that he should not start the pickup because of the three still on the rear bumper. The plaintiffs maintained that the driver had a duty to determine and observe before he drove away the peril of the three on the rear bumper. Both the trial court and the court of appeal found for defendant. The court of appeal held that the evidence established that the driver had not known that plaintiff was situated on the back bumper, or that he had any cause to suspect their presence on the bumper, and had been traveling at a safe rate of speed when plaintiffs fell off. Thus, though the driver was negligent, it was found that the accident could not be attributed to him.
We likewise find that the injuries suffered by the plaintiffs in the present case did not fall within the scope of protection afforded by the motorist’s duty to maintain reasonable vigilance and to exercise reasonable care under the circumstances. We recognize the situation may have been different had Michael, with knowledge of Michelle’s position, driven off; but there is no such allegation here. Michael, after saying good-bye to his friends and declining Michelle’s invitation to stay longer, left her standing one or two feet from his car. He then got in his car and left. He had no reason to suspect that Michelle would sit on the car and that she would remain on it once he pulled away. Thus, the record does not support a finding of negligence constituting legal responsibility on defendant Allstate for the accident on behalf of Michael Tolbert.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
KLIEBERT, J., concurs.